**In the Matter of Brent M. MACER, Respondent.**

**No. 82S00–0907–DI–340.**

Supreme Court of Indiana.

Jan. 21, 2010.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Respondent was hired by a client to represent her in an action to modify parenting time with respect to her former husband and children. During this representation, Respondent and the client began a sexual relationship. When the client's former husband become aware of it, he filed a grievance against Respondent. Respondent then withdrew from the representation. The parenting time issue was later resolved by agreement.

**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 1.8(j), which prohibits engaging in a sexual relationship with a client unless it began prior to the representation.

**Discipline:** The Court, having considered the submission of the parties, now APPROVES and ORDERS the following agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 30 days, beginning on the date of this order, all stayed subject to completion of six months of probation.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which includes completion of an addictions counseling and education program. Notwithstanding the expiration of term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent. With the ac-

ceptance of this agreement, any hearing officer appointed in this case is discharged.

All Justices concur except SHEPARD, C.J., and DICKSON, J., who dissent, believing the 30–day suspension should be actively served.